# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>DANIEL E. HEILY,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>      Plaintiff,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>    v.</td><td>)</td><td>Civil Action No. 09-1230 (RBW)</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>UNITED STATES DEPARTMENT OF<br>DEFENSE, et al.,</td><td>)<br>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>      Defendants.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

## MEMORANDUM OPINION

Plaintiff Daniel E. Heily, proceeding pro se, brings this action against several federal agencies and officials, seeking redress for prohibited personnel practices in violation of 5 U.S.C. § 2302(b)(9) (2006), injury to his professional reputation in violation of Va. Code Ann. §§ 18.2-499, -500 (2012), intentional infliction of emotional distress, and hostile work environment. See Bill of Complaint and Request for Injunctive Relief Revision 1 ("Am. Compl.") ¶¶ 163–81. The plaintiff also seeks Writs of Mandamus pursuant to 28 U.S.C. § 1361 (2006), see id. ¶¶ 186–88, as well as a release of records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2006), see id. ¶ 190. Currently before the Court is the defendants' motion for partial dismissal of the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6) ("Defs.' Mot."). Upon consideration of the parties' submissions,[1] the Court concludes for the following reasons that the defendants' motion must be granted. The

---

[1] In addition the filings already identified, the Court considered the following submissions in rendering its decision: (1) the defendants' Memorandum in Support of Motion for Partial Dismissal of Amended Complaint ("Defs.' Mem."), (2) the Plaintiffs [sic] Combined Response to NGAs [sic] Answer and Defendants [sic] Motion for Partial Dismissal of Amended Complaint ("Pl.'s Resp."), (3) the Defendants' Reply in Support of Their Motion for Partial Dismissal ("Defs.' Reply"), (4) the Plaintiff's Motion for leave [sic] to Amend Plaintiff's Response to Defendants' Reply in Support of Defendants' Motion for Partial Dismissal ("Pl.'s Mot. to Amend"), and (5) the defendants' Memorandum in Support of Defendants' Motion to Dismiss the Complaint ("Defs.' Mem. Jan. 28, 2011").

Court will also dismiss <u>sua</u> <u>sponte</u> the plaintiff's remaining claim, brought under the FOIA, on mootness grounds.[2]

## I. BACKGROUND

The plaintiff began his employment with the National Geospatial-Intelligence Agency ("the Agency") in October 2002. <u>See</u> Am. Compl. ¶¶ 14–15. He served in two divisions: Acquisition Engineering, Branch E, and Acquisition Engineering, Branch D. <u>See</u> <u>id.</u> ¶ 16. The plaintiff's amended complaint details a series of workplace issues that began when he was transferred to Branch D, including comments by defendant Lauri Jo Litton that the plaintiff perceived as offensive, <u>see</u> <u>id.</u> ¶¶ 37–40, 50, Ms. Litton's denial of the plaintiff's request to attend four training courses, <u>id.</u> ¶ 45, Ms. Litton's initial denial of the plaintiff's request for leave and her requirements for the plaintiff to take leave, <u>id.</u> ¶¶ 61–68, and poor ratings on the plaintiff's Performance Appraisals for fiscal years 2003, 2004, and 2005, <u>id.</u> ¶¶ 75–76, 78.

After receiving his Performance Appraisal for fiscal year 2005, the plaintiff appealed his ratings through the Agency's administrative grievance process. <u>Id.</u> ¶¶ 81–82. The plaintiff alleges that "[t]he Formal Appeal was never answered even though an answer was required from Defendant Beauchamp by regulation." <u>Id.</u> ¶ 83. Shortly after filing his formal appeal of his 2005 Performance Appraisal, "Defendant Stephens left a voice mail threatening to smear Plaintiff if Plaintiff did not withdraw his Appeal" in which Mr. Stephens "ask[s] Plaintiff to 'reconsider' his lawful action regarding the formal appeal of his [fiscal year 2005] Performance Appraisal." <u>Id.</u> ¶¶ 84, 89. The plaintiff alleges that "Defendant Scopp, Defendant Litton, [and]

---

[2] Also before the Court is the "Plaintiff's Motion for leave [sic] to Amend Plaintiff's Response to Defendants' Reply in Support of Defendants' Motion for Partial Dismissal" and the plaintiff's "Consent Motion to Dismiss Against Defendants Zients and Kaiser." Given the plaintiff's <u>pro se</u> status, the Court will grant the motion to amend and will consider, to the extent appropriate, the arguments made therein. The Court also grants the motion to dismiss individual defendants Jeff Zients and Kenneth Kaiser and to dismiss the plaintiff's request for a writ of mandamus to the Office of Management and Budget.

Defendant Stephens [sic] response to [the decision] not [to] withdraw[] the Formal Appeal of Plaintiff's Performance Appraisal was to assign [him] an impossible task, then criticize Plaintiff for not accomplishing it." Id. ¶ 91.  The plaintiff alleges that this assignment was "a specious and pretextual task." Id. ¶ 95.  Beginning in December 2005, the plaintiff's supervisors gave him a series of warnings regarding his unsatisfactory performance, including a reprimand, id. ¶ 98, an informal warning of unsatisfactory performance, id. ¶¶ 98, 107, and a warning of unsatisfactory performance and placement on a Performance Improvement Plan, id. ¶ 108.

In January 2006, the plaintiff filed a document entitled "Detailed Complaint of Discrimination to the DoD Inspector General and the National Geospatial-Intelligence Agency" with the Department of Defense Inspector General and the Agency's Office of Diversity Management and Equal Employment Opportunity, followed by an amended complaint in October 2006, which included additional allegations ("Inspector General Complaint"). Id. ¶¶ 111, 114, 124.  In December 2006, the plaintiff received a response from the Inspector General indicating that no action was warranted based on the plaintiff's allegations, id. ¶ 127, id. Ex. F 1–2, which the plaintiff alleges was proceeded by a "perfunctory" investigation, id. ¶ 132.

The plaintiff instituted this action on July 2, 2009, and filed an amended complaint on June 20, 2011, nunc pro tunc to June 8, 2011, pursuant to the Court's oral ruling at a status conference.  Count I of the amended complaint asserts that defendants Winston Beauchamp, David Scopp, Lauri Jo Litton, and Larry Stephens "retaliated [against him] for [his] lawful exercise to appeal his Performance Appraisal for [fiscal year 2005]" in violation of 5 U.S.C. § 2302(b)(9). Id. ¶¶ 163–167.  Count II alleges a violation of Va. Code Ann. § 18.2-499 and § 18.2-500 by "all" defendants. Id. ¶¶ 168–71.  Count III is brought against Mr. Beauchamp, Mr. Scopp, Ms. Litton, and Mr. Stephens for the common law tort of intentional infliction of

emotional distress for their actions.  Id. ¶¶ 172–79.  Count IV is entitled "Tort of Maintaining a Hostile Work Environment," and is brought against Mr. Beauchamp, Mr. Scopp, Ms. Litton, and Mr. Stephens.  Id. ¶¶ 180–81.  As part of his requested relief, the plaintiff also seeks a writ of mandamus requiring the Department of Defense to require the Agency to (1) "perform a professional and th[o]rough investigation" of the allegations in the Inspector General Complaint, (2) "formally respond" to the plaintiff's appeal of his 2005 Performance Appraisal, and (3) "perform a proper EEO investigation."  Id. ¶¶ 186–88.  Finally, the plaintiff also alleges that the Agency has failed to provide him with documents that he requested pursuant to the FOIA.  Id. ¶ 190.

The defendants have now moved for partial dismissal of the amended complaint, seeking dismissal of all claims except for those concerning the plaintiff's requests pursuant to the FOIA.

## II.  STANDARDS OF REVIEW

### A.  Rule 12(b)(1) Motion to Dismiss

When a defendant moves for dismissal under Rule 12(b)(1), "the plaintiff[] bear[s] the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction."  Biton v. Palestinian Interim Self-Gov't Auth., 310 F. Supp. 2d 172, 176 (D.D.C. 2004); see Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  A court considering a Rule 12(b)(1) motion must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting [a] plaintiff the benefit of all inferences that can be derived from the facts alleged.'"  Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting Thomas v. Principi, 394 F.3d 970, 972 (D.C. Cir. 2005)).  However, "the district court may consider materials outside the pleadings in deciding whether to grant a motion to

dismiss for lack of jurisdiction." Jerome Stevens Pharm., Inc. v. FDA, 402 F.3d 1249, 1253

(D.C. Cir. 2005) (citing Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992)).

**B.      Rule 12(b)(6) Motion to Dismiss**

A Rule 12(b)(6) motion tests whether the complaint "state[s] a claim upon which relief

can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under Rule

12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the

plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the

defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). While

the Court must "assume [the] veracity" of any "well-pleaded factual allegations" in the

complaint, conclusory allegations "are not entitled to the assumption of truth." Id. at 679.

Finally, although pleadings by a pro se litigant "must be held to less stringent standards than

formal pleadings drafted by lawyers," they must nonetheless satisfy the requirements of Rule

12(b)(6). See Atherton v. D.C. Office of Mayor, 567 F.3d 672, 681–82 (D.C. Cir. 2009).

### III.  ANALYSIS

**A.      Count I of the Amended Complaint**

Count I of the plaintiff's amended complaint asserts that "[d]efendants Beauchamp,

Scopp, Litton, and Stephens" retaliated against him in response to his "lawful appeal of his

Performance Appraisal" in violation of 5 U.S.C. § 2302(b)(9). Am. Compl. ¶¶ 164–66. The

defendants argue that Count I must be dismissed because employees of the Agency are not

permitted to bring claims under § 2302 and there is no other form of judicial review available for

a claim that could otherwise be brought under § 2302. See Defs.' Mem. at 12–13.

Section 2302(b)(9) prohibits "[a]ny employee who has authority to take, direct others to take, recommend, or approve any personnel action" to "take or fail to take, or threaten to take or fail to take, any personnel action against any employee . . . because of-- (A) the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation." 5 U.S.C. § 2302(b)(9). A "personnel action" is defined as one of a series of enumerated actions "with respect to an employee in, or applicant for, a covered position in an <u>agency</u>." <u>Id.</u> § 2302(a)(2) (emphasis added). The statute's definition  of "agency" specifically excludes the National Geospatial-Intelligence Agency. <u>Id.</u> § 2302(a)(2)(C)(ii). Because any determinations made by the plaintiff's supervisors regarding his employment do not constitute personnel actions under the statute, the plaintiff's claim is barred by the plain language of the statute.

The plaintiff argues that he may bring a claim under § 2302 because the creation of an exception permitting claims by employees of exempted intelligence agencies who were previously covered by the provisions of the statute if they have continued to serve in the position without a break in service indicates that "Congress clearly intended [§ 2302] to be applicable to defense civilian employees." Pl.'s Resp. at 7 (citing 10 U.S.C. § 1612(b) (2006)). The Court is unpersuaded by this argument. The construction urged by the plaintiff directly contradicts the plain language of § 2302, which explicitly exempts all employees of the Agency. It is well-established that a court will apply the plain language of a statute if "'the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.'" <u>United States v. Villanueva-Sotelo</u>, 515 F.3d 1234, 1237 (D.C. Cir. 2008) (quoting <u>Robinson v. Shell Oil Co.</u>, 519 U.S. 337, 340 (1997)). To the extent that the plaintiff argues that the exception in § 1612 is directly applicable to him, he is incorrect in this assertion as well because the National Imagery

and Mapping Agency, the predecessor to the National Geospatial-Intelligence Agency, was

already exempted from § 2302 when the plaintiff began his employment there in 2002.

    The plaintiff's claim in Count I is not subject to any other form of judicial review.

Employees that have been excluded under § 2302 are precluded from seeking other avenues of

judicial review for claims that would otherwise fall under the statute.  See United States v.

Fausto, 484 U.S. 439, 455 (1988) (holding that the Civil Service Reform Act, which includes §

2302, is "a comprehensive system for reviewing personnel action taken against federal

employees" and thus the plaintiff was precluded from seeking alternative avenues of judicial

review based on his exclusion under the statute); see also Graham v. Ashcroft, 358 F.3d 931, 935

(D.C. Cir. 2004) (holding that the Civil Service Reform Act precludes judicial review of

personnel action even if the Act does not extend to the action challenged).  The plaintiff's claim

in Count I is therefore barred by the statute and is not subject to judicial review of any kind.

## B.    Counts II, III, and IV of the Amended Complaint

    Count II of the plaintiff's amended complaint alleges that "[a]ll the Defendants have

consorted to injure Plaintiff's professional reputation," in violation of Va. Code Ann. § 18.2-499

and § 18.2-500, which allow an individual to bring a claim for damages against "[a]ny two or

more persons who combine, associate, agree, mutually undertake or concert together for the

purpose of . . . willfully and maliciously injuring another in his reputation, trade, business or

profession by any means whatever."  Am. Compl. ¶¶ 168–71; Va. Code Ann. § 18.2-499, -500

(2012).  Count III of the plaintiff's amended complaint asserts a common law tort claim of

intentional infliction of emotional distress, alleging that defendants Winston Beauchamp, David

Scopp, Lauri Jo Litton, and Larry Stephens engaged in a series of negative employment actions

in response to the plaintiff's appeal of his 2005 Performance Appraisal and "repeatedly

humiliated, degraded, debased, and demeaned Plaintiff" in order to cause him to suffer emotional

distress.  Am. Compl. ¶ 173–79.  Count IV of the amended complaint is entitled "Tort of

Maintaining a Hostile Work Environment" and alleges that Mr. Beauchamp, Mr. Scopp, Ms.

Litton, and Mr. Stephens "intended to cause emotional distress to Plaintiff with pretextual work

assignments to produce documents that were not required by [the Agency's] policy."  Id. ¶¶ 180–

81.  In addition to the "pretextual work assignments," the plaintiff also alleges that Ms. Litton's

allegedly offensive comments, denial of the plaintiff's requests for training, and initial denial of

his request for leave "demonstrate a hostile work environment."  Id. ¶ 73.

The defendants argue that the plaintiff's tort claims must be brought under the Federal

Tort Claims Act ("FTCA") and thus fail because the plaintiff has not exhausted his

administrative remedies with regard to these claims.[3]  Defs.' Mem. at 14–15, 19–20.  The Court

agrees that the plaintiff must bring the claims alleged in Counts, II, III, and IV under the FTCA,

and therefore, his claims must be dismissed for failure to exhaust administrative remedies.[4]

---

[3] The defendants further argue that to the extent that the plaintiff's claims in Counts II, III, and IV are based on retaliation for a complaint of discrimination based on membership in a protected class, the plaintiffs' claims are pre-empted by Title VII of the Civil Rights Act and must be dismissed for failure to exhaust his available administrative remedies.  Defs.' Mem. at 25–27.  In his amended complaint, the plaintiff uses some terminology that is associated with Title VII, most notably the phrase "hostile work environment."  See, e.g., Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 752 (1998).  However, the plaintiff does not allege discrimination based on membership in a protected class or retaliation for filing a claim of discrimination; rather, Counts II, III, and IV allege that the defendants retaliated against the plaintiff for filing an appeal of his 2005 Performance Appraisal.  See Am. Compl. ¶¶ 173, 175, 181.  Accordingly, this Court will not construe Counts II, III, and IV as alleging conduct that would be actionable under Title VII.  See 42 U.S.C. §§ 2000e-2 (prohibiting discrimination in employment based on race, color, religion, sex, or national origin), 2000e-3 (prohibiting discrimination based on allegations of discrimination).

[4] Because the Court finds that the plaintiff's failure to exhaust his administrative remedies bars his claims in Counts II, III, and IV, the Court need not address the defendants' argument that venue is improper for claims properly brought under the FTCA.  See Defs.' Mem. at 30–31.  Under 28 U.S.C. § 1406(a), if venue is improper, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a) (2006).  And, the decision of whether to transfer or dismiss a case is committed to the discretion of the district court.  Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983) (finding no abuse of discretion in district court's decision to dismiss rather than transfer case in which venue was improper because the plaintiff "failed to show that its claims . . . could properly be heard in any federal court").  Here, the plaintiff's failure to exhaust his administrative remedies would prevent any federal court from exercising jurisdiction over the plaintiff's claims, see Simpkins v. D.C. Gov't, 108 F.3d 366, 371 (D.C. Cir. 1997) (holding that the failure to exhaust administrative remedies deprives the court of subject matter jurisdiction over the claim), and therefore, in any event, it would not be in the interest of justice to transfer the plaintiff's claims.

The FTCA provides a monetary remedy against the United States for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1) (2011). A claim brought pursuant to the FTCA is the exclusive means for obtaining monetary relief for the tortious acts of a federal employee acting within the scope of his or her employment. See 28 U.S.C. § 2679 (2006). The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." Osborn v. Haley, 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679(b)(1)). Counts II, III, and IV allege tortious conduct by individual defendants Winston Beauchamp, David Scopp, Lauri Jo Litton, and Larry Stephens; Count II alleges tortious conduct by Marcus Boyle in addition to the other individual defendants. See Am. Compl. ¶¶ 171, 173, 181. The plaintiff did not bring these claims pursuant to the FTCA, but if the individual defendants, who are all federal employees, were acting within the scope of their employment, then the Court must construe the claims in Counts II, III, and IV, which allege statutory and common law torts, as claims brought under the FTCA.

If a plaintiff brings a tort claim against a federal employee, the Westfall Act's substitution provision provides that the United States is substituted as the defendant if the Attorney General or his designee certifies that the employee was "acting within the scope of his [or her] office or employment at the time of the incident out of which the claim arose," 28 U.S.C. § 2679(d)(1), and the claim is governed by the FTCA, Wuterich v. Murtha, 562 F.3d 375, 380

(D.C. Cir. 2009) (citing § 2679(d)(1)).  The certification acts as prima facie evidence that the employee was acting within his or her scope of employment.  Id. at 381.  However, a plaintiff may contest the certification and obtain limited discovery if the plaintiff can "'alleg[e] sufficient facts that, taken as true, would establish that the defendant['s] actions exceeded the scope of [his] employment.'"  Id. (quoting Stokes v. Cross, 327 F.3d 1210, 1215 (D.C. Cir. 2003)).  "Consequently, where a plaintiff fails to allege sufficient facts to rebut the certification, the United States must be substituted as the defendant because the federal employee is absolutely immune from suit."  Id.

Rudolph Contreras, the former Chief of the Civil Division of the United States Attorney's Office for the District of Columbia, as designee of the Attorney General,[5] submitted a certification pursuant to § 2679(d)(1) that the defendants sued in their individual capacities were acting within the scope of their employment.  Defs.' Mem. Ex. 1.  The plaintiff has presented no facts rebutting the certification.  Consequently, the United States is substituted as the defendant in place of the individual defendants, and Counts II, III, and IV are governed by the FTCA.

The plaintiff also argues that his claims against the individual defendants are proper as claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  Pl.'s Resp. at 6.  Under Bivens and its progeny, a plaintiff can bring a claim for monetary damages for the violation of his or her constitutional rights by federal officials.  See Bush v. Lucas, 462 U.S. 367, 373–74 (1983).  However, because the plaintiff has not alleged a constitutional violation of any kind, the plaintiff's claims against the individual defendants cannot be brought under Bivens.

---

[5] The plaintiff asserts that the claims against the individual defendants are proper because "[n]o Attorney General certification has been proffered, so that the argument [regarding the Westfall certification] presented here is irrelevant."  Pl.'s Resp. at 7.  Under 28 C.F.R. § 15.4, "any Director of the Torts Branch, Civil Division, Department of Justice" is authorized to make the certification under 28 U.S.C. § 2679(d)(1) as the designee of the Attorney General.  28 C.F.R. § 15.4 (2012).

Having determined that the plaintiff's claims under Counts II, III, and IV are governed by the FTCA, the plaintiff must meet the requirements to bring suit under the FTCA.  A claim under the FTCA may not be filed until administrative remedies within the agency are exhausted.  28 U.S.C. § 2675(a) (2006); McNeil v. United States, 508 U.S. 106, 111 (1993) ("The command that an 'action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous.") (quoting § 2675(a)).  A plaintiff's failure to exhaust available administrative remedies prior to filing suit deprives the court of subject matter jurisdiction over the claims.  Simpkins, 108 F.3d at 371.

Here, the plaintiff has not exhausted his administrative remedies as required by § 2675.  The Agency's Assistant General Counsel, Jack Rickert, submitted an affidavit indicating that the plaintiff has "never filed any claims against the agency under the Federal Tort Claims Act (FTCA)."  Defs.' Mem. Jan. 28, 2011 Ex. 1 ¶ 2.  Mr. Rickert further states that, to the best of his knowledge, "[the plaintiff] has never attempted to exhaust administrative remedies with respect to the issues contained in this lawsuit despite the passage of several years."  Id. ¶ 3.  Although the plaintiff submitted a complaint to the Agency's Office of Diversity Management and Equal Employment, the plaintiff did not respond to the Agency's investigator when the investigator repeatedly contacted the plaintiff for more information in order to pursue the plaintiff's claim of discrimination.  Defs.' Mem. Ex. 2 ¶ 3; see also Pl.'s Resp. at 11.  Since the plaintiff has failed to exhaust his administrative remedies as required to bring a claim under the FTCA, the Court must dismiss Counts II, III, and IV of the amended complaint.

C.      **Requests for Mandamus Relief**

In addition to monetary damages, the plaintiff seeks a writ of mandamus requiring the

Department of Defense to compel the Agency to (1) "perform a professional and th[o]rough

investigation of the allegations raised in Plaintiff's Detailed Complaint of Discrimination to the

DoD Inspector General and the National Geospatial-Intelligence Agency," (2) "formally

respond" to the plaintiff's appeal of his 2005 Performance Appraisal, and (3) "perform a proper

EEO investigation." Am. Compl. ¶¶ 186–88. The Court finds that mandamus relief is

inappropriate under these circumstances.[6]

This Court has jurisdiction under the Mandamus Act "to compel an officer or employee

of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C.

§ 1361 (2006). Mandamus relief "is 'drastic'; it is available only in 'extraordinary situations'; it

is hardly ever granted; those invoking the court's mandamus jurisdiction must have a 'clear and

indisputable' right to relief; and even if the plaintiff overcomes all these hurdles, whether

mandamus relief should issue is discretionary." In re Cheney, 406 F.3d 723, 729 (D.C. Cir.

2005) (en banc) (citing the original panel in the case, In re Cheney, 334 F.3d 1096, 1101–02

(D.C. Cir. 2003)). "Mandamus is available only if: (1) the plaintiff has a clear right to relief; (2)

the defendant has a clear duty to act; and (3) there is no other adequate remedy available to

plaintiff." Power v. Barnhart, 292 F.3d 781, 784 (D.C. Cir. 2002) (citing N. States Power Co. v.

U.S. Dep't of Energy, 128 F.3d 754, 758 (D.C. Cir. 1997) (internal quotation marks omitted)).

The duty in question must be solely "ministerial" in nature, "one that admits of no discretion, so

that the official in question has no authority to determine whether to perform the duty." Swan v.

---

[6] The plaintiff seeks mandamus under a section of his amended complaint entitled "Relief Requested." Am. Compl. ¶¶ 182–89. Since the Court has determined above that the plaintiff is not entitled to any other relief, the Court need not address the plaintiff's request for mandamus. However, because the plaintiff is proceeding pro se, the Court will construe the plaintiff's request for mandamus relief as an independent claim itself and address it accordingly.

<u>Clinton</u>, 100 F.3d 973, 977 (D.C. Cir. 1996).  The party seeking mandamus has the burden of showing that the relief is warranted.  <u>N. States Power Co.</u>, 128 F.3d at 758.  A court "do[es] not have authority under the mandamus statute to order <u>any</u> government official to perform a discretionary duty."  <u>Swan</u>, 100 F.3d at 977.

The plaintiff's request for a writ of mandamus directing the Department of Defense to require the Agency to respond to the plaintiff's appeal of his 2005 Performance Appraisal must be denied as moot because the plaintiff has already received a response from the Agency.  <u>See</u> Am. Compl. Ex. D 156–57.  The plaintiff acknowledges that he received a response from the Agency, but contends that the response is insufficient under National Geospatial-Intelligence Agency Instruction 1460.1R4 because it was not issued or signed by Winston Beauchamp, the "deciding official" under the Instruction; was not addressed to the plaintiff; and did not address each issue.  Pl.'s Resp. at 9.  Assuming <u>arguendo</u> that Instruction 1460.1R4 is binding on the Agency and that the plaintiff is correct that the Agency's response does not conform to the requirements of the Instruction, such minor deficiencies do not warrant the Court's exercise of its discretion to grant the "extraordinary" remedy of the issuance of a writ of mandamus.

The plaintiff's remaining requests for mandamus relief concern the Agency's response to his Inspector General Complaint and to his complaint to the Office of Diversity Management and Equal Employment.  The plaintiff acknowledges that he has received a response to his Inspector General Complaint from the Agency Inspector General, Am. Compl. ¶¶ 128–9, but alleges that the investigation was "perfunctory," <u>id.</u> ¶ 132.  Similarly, the plaintiff was informed that the Agency's Office of Diversity Management and Equal Employment attempted to investigate his discrimination claims but "determined the complaint lacked sufficient information for them to act upon" after repeatedly contacting the plaintiff for more information.  <u>Id.</u> ¶ 127.  The plaintiff

contends that he provided sufficient information in his complaint, Pl.'s Mot. to Amend at 3, and
that the Agency simply did not want to investigate his complaint, Pl.'s Resp. at 11.

     The plaintiff has failed to show in both instances that the Agency has a clear duty to act.
The plaintiff's request for mandamus to investigate his Inspector General Complaint does not
simply concern the performance of the investigation, but seeks to control the manner in which
the Agency decides to perform the investigation.  The appropriateness of an agency's
investigation is inherently discretionary, involving the judgment of the investigator, the
allocation of agency resources to perform such investigations, and the nature of the allegations
prompting the investigation.  For example, a different level of investigation would likely be
required for an accusation of particularly egregious discrimination, supported by large amounts
of documentary evidence, than would be required for an accusation that, on its face, does not
even allege discrimination.  A duty to perform a "professional and th[o]rough" investigation
cannot be described as a ministerial duty "that admits of no discretion," Swan, 100 F.3d at 977,
since the determination that an investigation is "professional and th[o]rough" in itself requires
the investigator to use his or her discretion.

     With respect to the plaintiff's request for mandamus to require the Agency's Office of
Diversity Management and Equal Employment to investigate his complaint, the plaintiff argues
that the Agency has an "unambiguous" duty to investigate his discrimination claim, Pl.'s Resp. at
10, and cites to a document entitled "EEOC Management Directive 110," attached as Exhibit C
to the plaintiff's response.  This document, however, demonstrates that the process of
investigation necessarily requires the use of the investigator's judgment.  For example, the
directive states that an investigation "must be appropriate," Pl.'s Resp. Ex. C at 4, and permits
the investigator to determine that the investigator requires more information because there is

insufficient information to proceed, as the investigator did here, see Pl.'s Resp. Ex. C at 18. The plaintiff has therefore failed to show that the Agency has a clear duty to conduct an investigation of a claim that it has already considered and deemed to contain insufficient information to allow the Agency to begin an investigation. Since this Court has no power under § 1316 to order a government official to perform a discretionary act, both of the plaintiff's remaining requests for mandamus relief must be denied.

**D.      Requests under the FOIA**

Although not styled as a claim, the plaintiff also asks this Court to order the defendants to provide "[a]ll official instructions that relate to civilian personnel e.g. NI 1405.2R3" and "[a] copy of the transcript or voice recording of the [Agency Inspector General] interview with Plaintiff held on October 12, 2006" that the plaintiff had previously requested from the Agency pursuant to the FOIA. Am. Compl. ¶ 190. The defendants' motion to dismiss seeks dismissal of all claims except for those made under the FOIA. Defs.' Mot. at 2. While the defendants' Motion to Dismiss has been pending, however, the plaintiff has received the documents he requested under the FOIA. See Pl.'s Resp. at 5; Pl.'s Mot. to Amend at 1. The plaintiff's receipt of the requested documents thus renders his claims under the FOIA moot, and the claims are accordingly dismissed as moot.

## IV.  CONCLUSION

For the foregoing reasons, the Court concludes that the defendants' motion for partial dismissal of the amended complaint must be granted, and that the remainder of the plaintiff's amended complaint must be dismissed as moot.

**SO ORDERED** this 9th day of October, 2012.[7]

REGGIE B. WALTON
United States District Judge

---

[7] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.